CHRISTIAN *v.* FORREST CITY STREET IMPROVEMENT DIST. No. 7.

4-5259

Opinion delivered July 11, 1938.

524

*Marvin B. Norfleet*, for appellant.

*Mann, Mann & McCulloch* and *Norton & Butler*, for appellee.

SMITH, J. Appellant, a resident and owner of real estate within the corporate limits of the city of Forrest City, filed a suit on April 19, 1938, containing allegations and praying relief which, by several amendments, became at last an attack upon the organization and the assessment of benefits of Street Improvement District No. 7 within the city of Forrest City.

Among other allegations of the complaint it was charged that the signatures of the property owners had been procured by the false and fraudulent representation that they would not be required to pay any portion of the betterments assessed, but that the assessments would be paid out of the earnings of the city light and water plant. No attempt was made to prove this allegation, and the court found, from the testimony, that it was not true. That it was not true very clearly appears from facts hereinafter recited. It was charged also that the betterments had been arbitrarily assessed without reference to the enhancement of the value of the property within the improvement district. No attempt was made to establish this allegation, and the court found to the contrary from the testimony.

It was alleged that the improvement district proposes to improve certain streets not included in the district, these being a portion of Graham and Victoria streets, and it was further alleged that the district included certain property outside the limits of the city of Forrest City.

It was shown that the omission to include property adjacent to the portions of Graham and Victoria streets

which the district proposes to improve was an unintentional error. It was shown also that the north boundary line of the city was indefinite and uncertain, and that this uncertainty had led to the inclusion within the boundaries of the district of certain lots lying without the limits of the city.

It appears, however, that the omission to include within the district the property adjacent to Graham and Victoria streets had been cured by the annexation of this property to Street Improvement District No. 7. This annexation was made in response to the petitions of the property owners.

An ordinance was passed recreating the improvement district, which included the property adjacent to Graham and Victoria streets and excluded the property lying outside the city limits. This was done upon new petitions circulated for that purpose, and the court found that whereas the original petitions for the creation of District No. 7 had been signed by 203 owners of real property, the new petitions were signed by 300 owners of real property within the district, there being included in this number ninety-five per cent. of the signers of the original petition pursuant to which District No. 7 was created. It appears that the widest publicity was given to the circulation of these petitions, not only in the local papers, but by handbills distributed to all the homes in Forrest City by the proponents of the district advising the landowners what they were proposing to do and the reasons therefor.

An ordinance was passed curing the errors above referred to and designating the district, as recreated, Street Improvement District No. 8, but the court below found the fact to be that the boundaries of the district are identical with those of No. 7 except that District No. 8 embraced certain property which should have been included and excluded certain property which should not have been included as hereinabove shown. The court further found, and there appears to be no controversy as to the fact, ''That the improvement (of the streets and alleys) proposed to be made and completed by District

No. 8 is identical with the improvement proposed to be made by District No. 7 except that it omits the two blocks of North Forrest street lying in the area alleged to be outside the limits of the city of Forrest City. . . ."

Upon these findings it was by the court ordered ". . . That Forrest City Street Improvement District No. 7 is a valid and effective street improvement district lawfully created, as having definite legal boundaries, provided, however, properties lying east of North Forrest street and north of the center line of Fussell street extended across North Forrest street are not subject to assessment in said Street District No. 7, and the two blocks of North Forrest street from Fussell street to St. Francis street cannot lawfully be improved by District No. 7 as same now exists." The court also found that the ordinance annexing territory which was unintentionally omitted had been passed in the manner required by law.

Section 7280, Pope's Digest, authorizes the organization of a new improvement district to pay for improvements made or commenced by a void district, but it does not appear that District No. 8 was organized for that purpose. Indeed, the effect of the organization of District No. 8 pursuant to the requisite petitions for that purpose is not in fact to create a new district, but to correct the infirmities of the old one. The object and purpose of both districts are the same. The boundaries are identical except that certain lots which should have been included have been excluded. Certain lots which would be benefited, but were unintentionally omitted, have been included.

We perceive no reason why this may not be done under the general authority to organize municipal improvement districts when proper petitions are filed and appropriate ordinances are passed, as in the instant case. In fact, we do not think there are two districts having authority to construct the same improvement. One district cured the infirmities of the other, and although these districts are given separate numbers we think they are the same and that it is immaterial whether the district is

designated as No. 7 or as No. 8. It is the same district whether designated by one number or the other, and the betterments to be assessed are in no manner to be affected by the number given to the district.

The decree of the court appears to be correct, and it is, therefore, affirmed.